

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| ANGELA LEWIS, ) | |
| ) | |
| Respondent, ) | |
| ) | WD85395 |
| v. ) | |
| ) | OPINION FILED: |
| ) | July 5, 2023 |
| DENNIS LEWIS and DEBORAH ) | |
| LEWIS, ) | |
| ) | |
| Appellants. ) | |

**Appeal from the Circuit Court of Lafayette County, Missouri**
**The Honorable Dennis A. Rolf, Judge**

**Before Division One:** Mark D. Pfeiffer, Presiding Judge, and
Alok Ahuja and W. Douglas Thomson, Judges

Mr. Dennis Lewis ("Dennis") and Ms. Debbie Lewis ("Debbie") appeal from the judgment entered by the Circuit Court of Lafayette County, Missouri ("trial court"), awarding Ms. Angela Lewis ("Angela") actual and punitive damages on her Petition for Conversion.[1]  We affirm.

---

[1] Because the parties share the same surname, we refer to each individual by his or her first name.  No familiarity or disrespect is intended.

**Factual and Procedural Background**[2]

Angela was married to Curtis Lewis, son of Dennis and Debbie, from September 2, 2012, until his death on December 28, 2020. During their marriage, Angela and Curtis purchased equipment for their farming operation. Curtis took out loans with the Bank of Odessa, which loans were secured by equipment. The loans had outstanding balances at the time of Curtis's death. Angela tried to acquire the equipment used as collateral and stored on Dennis and Debbie's property from Dennis after Curtis's death in order to sell the collateral to pay down the Bank of Odessa debt, but Dennis refused to allow her to come on their property to retrieve the equipment.

One of the items of collateral that Angela requested from Dennis was a grain cart. The grain cart was purchased and financed in Curtis's name. However, Dennis claimed that the cart was his because it was in his shed; he paid for repairs to the cart; and he reimbursed Curtis for making payments on the cart, although there were no documents showing he paid Curtis anything for the grain cart. Dennis told Angela that he sold the cart, but he would not tell her to whom he sold it or for how much. Dennis's response to Angela's request for the grain cart was that he owned the cart and "[t]hat [she] was not allowed to come on his property or he would kill [her]."

In light of Dennis's response, Angela filed a Petition for Conversion against Dennis and Debbie. Angela alleged that Dennis and Debbie's conversion of the

---

[2] "In the appeal of [a] bench-tried case, the appellate court views the facts in the light most favorable to the trial court's judgment." *Schaffer v. Howard*, 624 S.W.3d 379, 381 n.1 (Mo. App. W.D. 2021) (internal quotation marks omitted).

equipment was intentional, and she requested return of the equipment and actual and punitive damages.

Dennis and Debbie filed an answer and counter-petition for conversion, alleging that they conducted a farming business jointly with Curtis and that Angela had refused to turn over certain items belonging to them. Dennis and Debbie further alleged that Angela's actions were intentional, and they requested return of their property and actual and punitive damages.

Angela moved for summary judgment. After a hearing, the trial court entered its Order denying Angela's motion but requiring Dennis and Debbie to return two items of equipment to Angela; ordering Angela to sell those items and use the proceeds to pay any outstanding debt owed to the Bank of Odessa; and ordering Angela to return any undisputed items belonging to Dennis and Debbie. The trial court then set the matter for a bench trial.

At trial, Angela testified that the grain cart was appraised at $27,500. Dennis testified that he traded the grain cart for a tractor, which he subsequently sold. The trial court entered its Judgment on April 4, 2022, finding that Angela was owner of the grain cart and the grain cart was collateral on loans for which Angela was liable to the Bank of Odessa, and Dennis and Debbie were aware of those loans; and Dennis and Debbie traded the grain cart to a third party for a tractor knowing that there was a dispute in ownership. As relevant to this appeal, the trial court awarded Angela judgment against Dennis and Debbie for actual damages of $22,448.76 and punitive damages of $5,787.28.

Dennis and Debbie timely appealed.

3

**Standard of Review**

In the appeal of a bench-tried case:

> the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. A claim that there is no substantial evidence to support the judgment or that the judgment is against the weight of the evidence necessarily involves review of the trial court's factual determinations. An appellate court will overturn a trial court's judgment under these fact-based standards of review only when the court has a firm belief that the judgment is wrong.

*Schaffer v. Howard*, 624 S.W.3d 379, 383 (Mo. App. W.D. 2021). "We view the evidence in the light most favorable to the [trial] court's judgment and need not consider contrary evidence and defer to the trial court's credibility determinations." *Id*. at 384 (citing *Ivie v. Smith*, 439 S.W.3d 189, 200 (Mo. banc 2014)).

**Analysis**

Dennis and Debbie assert two points on appeal. In their first point, they contend that the trial court's award of ownership of the grain cart to Angela was "against the weight and sufficiency of the evidence."[3] In their second point, they aver that the trial court erroneously applied the law in awarding punitive damages to Angela.

---

[3] To the extent this is an attempt to combine a sufficiency-of-the-evidence challenge with an against-the-weight-of-the-evidence challenge, the point relied on is impermissibly multifarious as these are distinct claims and multifarious points preserve nothing for appellate review. *Ivie v. Smith*, 439 S.W.3d 189, 199 n.11 (Mo. banc 2014). Because it appears from the argument section of Dennis and Debbie's appellate briefing that the claim on appeal is a sufficiency-of-the-evidence challenge, we have addressed that argument in our ruling today.

**Point I**

In Dennis and Debbie's first point, they allege that the trial court erred in awarding ownership of the grain cart to Angela because the award was not supported by sufficient evidence.

"Conversion is the unauthorized assumption of the right of ownership over personal property of another to the exclusion of the owner's rights." *Massood v. Fedynich*, 530 S.W.3d 49, 57 (Mo. App. W.D. 2017) (internal quotation marks omitted). "Conversion requires proof of three elements: (1) the plaintiff owned the property or was entitled to possess it; (2) the defendant took possession of the property with the intent to exercise some control over it; and (3) the defendant thereby deprived the plaintiff of the right to possession." *Id.* (internal quotation marks omitted).

"'Substantial evidence is evidence that, if believed, has some probative force on each fact that is necessary to sustain the [trial] court's judgment.'" *Burke v. McHenry*, 585 S.W.3d 819, 824 (Mo. App. W.D. 2019) (quoting *Ivie*, 439 S.W.3d at 199). "'Evidence has probative force if it has any tendency to make a material fact more or less likely.'" *Id.* (quoting *Ivie*, 439 S.W.3d at 199). "'When considering whether a judgment is supported by substantial evidence, appellate courts must view the evidence in the light most favorable to the trial court's judgment, defer to the trial court's credibility determinations, and accept as true the evidence and inferences favorable to the judgment while disregarding contrary evidence.'" *Id.* (quoting *Holm v. Wells Fargo Home Mortg., Inc.*, 514 S.W.3d 590, 596 (Mo. banc 2017)). "In reviewing a court-tried case to determine whether the judgment is supported by sufficient evidence, we must act with

caution and will reverse only upon a firm belief that the judgment is wrong." *Id.* (internal quotation marks omitted). "To succeed on a substantial-evidence challenge, [Dennis and Debbie] must show 'that there is no evidence in the record tending to prove a fact that is necessary to sustain the [trial] court's judgment as a matter of law.'" *Id*. at 825 (quoting *Ivie*, 439 S.W.3d at 200).

Dennis and Debbie argue that the grain cart belonged to them because of all the evidence that they "financially stabiliz[ed]" Curtis in order to continue farming, including that Dennis was the one who owned a tractor big enough to pull the grain cart, he and Debbie paid thousands of dollars for the loans that Curtis took out in furtherance of their farming operations, and Dennis would sell cattle or beans or corn and put the proceeds in Curtis's name so he could make the grain cart payment.

Angela counters by referencing evidence presented at trial supporting her claim of ownership of the grain cart, including her testimony that she and Curtis owned the grain cart; that the grain cart was purchased and financed in Curtis's name; and that she needed to sell the equipment to pay off the loans that had recently come due at the Bank. A Bank of Odessa employee testified and presented documentation that the grain cart and other equipment was pledged as collateral on loans taken out by Curtis.

Dennis and Debbie's brief ignores our standard of review and presents the evidence in the light most favorable to their position, ignoring Angela's evidence supporting her claim of ownership of the grain cart. The Missouri Supreme Court has made clear "that no contrary evidence need be considered on a substantial-evidence challenge." *Ivie*, 439 S.W.3d at 200. Because we are determining whether sufficient

6

substantial evidence supports the trial court's judgment, we "must view the evidence in the light most favorable to the judgment, defer to the trial court's credibility determinations, and accept as true the evidence and inferences favorable to the judgment, disregarding all contrary evidence." *Hunter v. Moore*, 486 S.W.3d 919, 925 (Mo. banc 2016). "In reaching its judgment, the trial court is free to believe any, all, or none of the evidence presented at trial." *Id.*[4]

Here, the trial court made extensive findings of fact, pursuant to Rule 73.01(c). "In addition, Rule 73.01(c) provides that 'all fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached.'" *Ivie*, 439 S.W.3d at 200 (quoting *In re J.A.R.*, 426 S.W.3d 624, 626 (Mo. banc 2014)).

The trial court found that Curtis took out the loan to purchase the grain cart and made the payments. The trial court further found that the farming equipment at issue,

---

[4] To the extent Dennis and Debbie were attempting to assert an against-the-weight-of-the-evidence challenge, it would fail for many of the same reasons as their sufficiency-of-the-evidence challenge. "When reviewing the record in an against-the-weight-of-the-evidence challenge, this Court defers to the circuit court's findings of fact when the factual issues are contested and when the facts as found by the circuit court depend on credibility determinations." *Ivie*, 439 S.W.3d at 206. Further, "[t]his Court defers on credibility determinations when reviewing an against-the-weight-of-the-evidence challenge because the circuit court is in a better position to weigh the contested and conflicting evidence in the context of the whole case." *Id.* And, "the circuit court is free to believe all, some, or none of the evidence offered to prove a contested fact, and the appellate court will not re-find facts based on credibility determinations through its own perspective." *Id.* Because the gravamen of Dennis and Debbie's appellate briefing is that from "their perspective" the trial court should have believed them and not Angela, they ignore our lens of review and any against-the-weight-of-the-evidence challenge would also fail.

including the grain cart, was collateral on loans for which Angela was liable to the Bank of Odessa. It is clear that the trial court found Angela's testimony that the grain cart belonged to Curtis and her more credible than Dennis's testimony that the grain cart belonged to Debbie and him. We defer to the trial court's credibility determinations. *Hunter*, 486 S.W.3d at 925. Accordingly, there is sufficient substantial evidence to support the trial court's finding that Angela was the owner of the grain cart converted by Dennis and Debbie.

Point I is denied.

## Point II

In Dennis and Debbie's second point, they aver that the trial court erroneously applied the law in awarding punitive damages to Angela in that she did not follow the procedure required by section 510.261.5.[5]

We must first address whether Dennis and Debbie have preserved this point for appellate review. "Appellate courts are merely courts of review for trial errors, and there can be no review of a matter which has not been presented to or expressly decided by the

---

[5] All statutory references are to the REVISED STATUTES OF MISSOURI 2016, as updated through Cumulative Supplement 2022. Section 510.261.5 provides:

> No initial pleading in a civil action shall contain a claim for a punitive damage award. Any later pleading containing a claim for a punitive damage award may be filed only with leave of the court. A trial court may grant leave to file such a pleading only on written motion by the claimant, filed no later than one hundred twenty days prior to the final pretrial conference in the case or, if there is no scheduled pretrial conference, one hundred twenty days prior to the date set for trial, that is supported by affidavits, exhibits, or discovery materials establishing a reasonable basis for recovery of punitive damages. . . .

trial court. This is so by court rule, statute, and controlling case law." *In re S.H.P.*, 638 S.W.3d 524, 530 (Mo. App. W.D. 2021) (internal quotation marks omitted).

Rule 78.07 provides that in cases tried without a jury "neither a motion for a new trial nor a motion to amend the judgment or opinion is necessary to preserve any matter for appellate review *if the matter was previously presented to the trial court.*" Rule 78.07(b)[6] (emphasis added). Rule 84.04(e) requires an appellant's brief to include "a concise statement describing whether the error was preserved for appellate review; [and] if so, how it was preserved." Dennis and Debbie's argument omits the required Rule 84.04(e) preservation statement. The omission of the required preservation statement "is an immediate and obvious red flag to the court indicating that the appellant cannot demonstrate that the claimed error was properly preserved for appellate review and, therefore, should be considered by the court as a tacit concession that it was not preserved for appellate review." *Cable v. State*, 634 S.W.3d 845, 849 n.4 (Mo. App. S.D. 2021).

At trial, Angela was asked if she was seeking an award of $12,000 in punitive damages. Dennis and Debbie did not object to the question or make any objection regarding the application of section 510.261.[7] After the trial court entered its Judgment,

---

[6] All rule references are to I MISSOURI COURT RULES – STATE 2023.

[7] In fact, Dennis and Debbie had asserted a counterclaim against Angela and they, too, were seeking punitive damages without following the section 510.261 procedures. One of the policy principles for Rule 78.07 is that bringing alleged procedural legal errors to the trial court's attention affords the trial court an opportunity to correct those alleged procedural defects. Here, we think it is obvious from the record before us that the trial court would have permitted *both* parties to seek leave to amend their pleadings to

9

which included an award to Angela of $5,787.28 in punitive damages, Dennis and Debbie did not file any post-trial motion to present the purported legal error to the trial court. "[E]ven in a court-tried case, where a post-trial motion is not necessary to preserve an otherwise properly raised issue for appellate review, the appellant must make some effort to bring the alleged error to the trial court's attention." *In re S.H.P.*, 638 S.W.3d at 530 (internal quotation marks omitted). "With only rare exceptions, an appellate court will not convict a trial court of error on an issue that was never presented to the trial court for its consideration." *Id.* (internal quotation marks omitted).

Having failed to assert their objection during the proceedings and failed to otherwise raise their contention in a post-trial motion, Dennis and Debbie cannot raise the issue for the first time on appeal to this Court. "In general, where there is no pleading or argument in the record concerning the issue presented on appeal and the issue is raised for the first time on appeal, it has not been preserved for review." *Id*. at 531 (internal quotation marks omitted). Accordingly, Dennis and Debbie's second point is not preserved for appellate review.

Point II is denied.

---

conform to the requirements of section 510.261 had that topic been properly presented to the trial court for consideration.

**Conclusion**

The trial court's judgment is affirmed.[8]

_____
Mark D. Pfeiffer, Presiding Judge

Alok Ahuja and W. Douglas Thomson, Judges, concur.

---

[8] In the Conclusion section of Angela's appellate briefing, Angela has requested that this Court consider awarding attorney's fees to her for requiring her to respond to what she asserts is a frivolous appeal. First, although we disagree with the arguments asserted by Dennis and Debbie on appeal, we do not believe the appeal was frivolous. Second, this Court's Special Rule 29 requires any party asserting a claim for attorney's fees on appeal to "file a separate written motion before submission of the cause," and no such motion was filed by Angela in this appeal. Thus, Angela's request for attorney's fees to be awarded on appeal is denied.